# THE UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17CR384 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMAZ L. PROTHO, JR., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Suppress filed by Defendant Jamaz Protho, Jr. Doc. 11. The Government timely opposed the motion. Doc. 14. The Court conducted an evidentiary hearing on November 20, 2017. Upon review of the relevant filings, the testimony and evidence, and applicable law, the Court DENIES the pending motion.

Defendant contends that he was the subject of an improper stop and frisk. More specifically, Defendant contends that an anonymous tip was insufficient to warrant his stop and frisk. The Court now reviews that contention.

This Court reviews the reasonableness of police conduct in effectuating a stop and frisk under the principles set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Hill*, 195 F.3d 258, 263–64 (6th Cir. 1999). "In evaluating the constitutionality of a *Terry* stop, we engage in a two-part analysis of the reasonableness of the stop. We first ask whether there was a proper basis for the stop." *United States v. Davis*, 430 F.3d 345, 354 (6th Cir. 2005) (internal quotation marks omitted). If the stop was proper, the Court must ask "whether the degree of intrusion was reasonably related in scope to the situation at

hand, which is judged by examining the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances." *Id*. (internal omissions and quotation marks omitted). The Supreme Court's stop and frisk decisions begin with *Terry v. Ohio*, 392 U.S. 1 (1968). The Court held in *Terry*:

> [W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him."

*Id.* at 30.

In the instant matter, there is no dispute that the initial information received by the officers came from an anonymous tip. Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, *see Adams v. Williams*, 407 U.S. 143, 146–147 (1972), "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity[.]" *Alabama v. White*, 496 U.S. 325, 329 (1990). 2412. However, there are situations in which an anonymous tip, suitably corroborated, exhibits "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." *Id.*, at 327.

Initially, this Court notes that "[a]n accurate description of a subject's readily observable location and appearance is of course reliable in this limited sense: It will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity." *Florida v. J.L.*, 529 U.S. 266, 272 (2000). As such, the anonymous tip herein, describing

three black males wearing hoodies and possessing guns, was not corroborated by the simple fact that officers observed black males wearing hoodies in that location.

However, in evaluating whether officers had reasonable suspicion at the time of the stop and frisk, the Court must also consider the totality of the circumstances. Prior to the stop and frisk, officers observed six males, including two wearing hoodies. As such, in some manner, the anonymous tip was corroborated, albeit not in a manner that indicated illegal activity. Officers nearly immediately observed a pistol on the porch within reach of one of the males when they approached. Moreover, another male on scene attempted to discard a concealed weapon by dropping it down the interior of his pants. As such, within moments of officers approaching the group, two firearms had been discarded in their presence. As such, the tip was not only further corroborated by these observances, but the observances indicated that criminal activity was afoot.

In addition, the Court addresses the contextual considerations that existed at the time of the encounter. Officers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). Defendant was encountered late at night (roughly 11 p.m.) in an area with a recent homicide shooting and several reports of shots fired. "Although these factors may not, without more, give rise to reasonable suspicion, they are relevant to the reasonable suspicion calculus[.]" *United States v. Caruthers*, 458 F.3d 459, 467 (6th Cir. 2006) (citations omitted).

The Court may also consider Defendant's response to the presence of the officers. "[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion." *Wardlow*, 528 U.S. at 124  Herein, Defendant initially declined to comply with the

officer's request and then became combative. While not as evasive as outright flight, Defendant's sudden change in demeanor was yet another factor that contributed to the officer's reasonable suspicion.

Accordingly, upon review of the totality of the circumstances, the Court finds that there were ample known facts to support the officer's reasonable suspicion. Moreover, unlike the defendant in *United States v. Patterson*, 340 F.3d 368 (2003), those facts were sufficiently related to Defendant to support an individualized reasonable suspicion for his stop and frisk.   Accordingly, the motion to suppress is DENIED.

IT IS SO ORDERED.


November 29, 2017             */s/ Judge John R. Adams*
                                             JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT